UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JIMMY F. McHENRY, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § § § § § § § § § § § § | Cause No. 2:13-cv-00228-J |
| THE STINNETT POLICE DEPARTMENT, OFFICER DRENNAN ROGERS, OFFICER PATRICK LAMBERT, OFFICER JEREMIAH JAMES MASSENGIL, And CHIEF MARIE FARBRO, in their individual and official capacities, THE HUTCHINSON COUNTY SHERIFF'S OFFICE, SHERIFF GUY ROWH, DEPUTY CODY HINDERS, and CAPTAIN KAREN LOPEZ, in their individual and official capacities, and THE HUTCHINSON COUNTY JAIL, | | |
| Defendants. | § | |

**THE STINNETT POLICE DEPARTMENT, DRENNAN ROGERS, PATRICK LAMBERT, JEREMIAH JAMES MASSENGIL, AND MARIE FARBRO'S MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

NOW COME the Stinnett Police Department, Drennan Rogers, Patrick Lambert, Jeremiah James Massengil, and Marie Farbro, in their individual and official capacities[1], ("City Defendants"), and file this Motion for Protective Order and Brief in Support, and would show as follows:

---

[1] Plaintiff's claims against Drennan Rogers, Patrick Lambert, Jeremiah James Massengil, and Marie Farbro in their official capacities as current or former employees of the Stinnett Police Department are actually against The City of Stinnett. *See Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (noting an official capacity suit "is, in all respects other than name, to be treated as a suit against the entity; it is not a suit against the official personally for the real party in interest is the entity").

## I. INTRODUCTION

1. Plaintiff Jimmy F. McHenry ("Plaintiff") filed suit against the City Defendants on October 16, 2013 in the 84th District Court of Texas. The City Defendants, along with Defendant Deputy Cody Hinders[2], removed Plaintiff's state court suit to this Court on November 18, 2013. *See Notice of Removal with Jury Demand, ECF Doc. No. 1*; *see also, Notice of Joinder and Consent to Removal of Action, ECF Doc. No. 4.*

2. Pursuant to state court rules, Plaintiff mailed Requests for Disclosure and Requests for Production on November 11, 2013 to the City Defendants.[3] (*See Appx. 1-12*). Moreover, on November 19, 2013, Plaintiff requested a subpoena in state court, compelling the United Stated District Clerk to produce certain documents. (*See Appx. 13-17*).

3. Discovery should be stayed until the Court has had an opportunity to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. *See ECF Doc. No. 11*. Discovery should be stayed because the City Defendants are highly likely to prevail on their Motions to Dismiss. Therefore, the City Defendants seek an order protecting from discovery the information, documents, and materials sought. Specifically, the City Defendants seek an order that they do not have to answer Plaintiff's discovery requests until Plaintiff's Complaint is screened or upon the resolution of the City Defendants' pending Motions to Dismiss.

## II. MOTION FOR PROTECTIVE ORDER

4. The City Defendants seek a protective order from Plaintiff's discovery requests.

5. The Court has broad discretion to issue a protective order. *Seattle Times Co v. Rhinehart*, 467 U.S. 20, 36 (1984). Federal Rule of Civil Procedure 26(c) authorizes the Court,

---

[2] All Defendants who were served joined in the removal of the suit. Additional Defendants who have been sued, but not served, are Guy Rowh and Karen Lopez, now known as Karen Waters.

[3] The City Defendants' deadline to respond to Plaintiff's discovery requests is December 16, 2013. Thirty-three (33) days after Plaintiff mailed the discovery requests is Saturday, December 14, 2013; making the responses due on Monday, December 16, 2013.

for good cause shown, to protect a party or person responding to a discovery request from annoyance, embarrassment, oppression, or undue burden or expense. FED. R. CIV. P. 26(c). "Good cause" exists when justice requires the protection of "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). In that regard, the Court is authorized to order that the discovery not be had. FED. R. CIV. P. 26(c)(1)(A). Therefore, the City Defendants request the Court order that discovery not be had until Plaintiff's Complaint is screened or upon the resolution of the City Defendants' pending Motions to Dismiss.

      6.      The Fifth Circuit specifically has recognized that a stay of discovery is appropriate when a motion to dismiss is pending which may dispose of the case:

> A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. Nothing that Petrus could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion.

*Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Other courts agree. *Halm v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999), *cert. denied*, 120 S.Ct. 1425 (2000) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *Patterson v. U.S. Postal Service*, 901 F.2d 927, 929 (11th Cir. 1990) (affirming stay of discovery pending motion to dismiss); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming order staying discovery pending disposition of motion to dismiss). As the Eleventh Circuit explained in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997):

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of

>fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

7. Indeed, one court has declared that "[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Institut Pasteur v. Chiron Corp.*, 315 F.Supp.2d 33, 37 (D. D.C. 2004).

8. A motion to stay discovery is particularly compelling where, as here, a motion to dismiss the entire case is pending and there is strong reason to believe that the motion is meritorious. As the court stated in *Johnson v. New York Univ. Sch. Of Education*, "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appears to have substantial grounds.' " 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (quoting *In re Currency Conversion Fee Antitrust Lit.*, No. MDL 1409, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002)).

9. The City Defendants' Motions to Dismiss in this case have substantial grounds. Moreover, on September 9, 2013, Plaintiff filed a nearly identical lawsuit to the current lawsuit[4] in Federal Court. *See* Cause No: 2:13-cv-00167-J-BB. The Court denied pauper status in that cause and ordered dismissal. (*See Appx. 18-20*). On September 19, 2013, the Court entered Judgment in Cause No: 2:13-cv-00167-J-BB, dismissing the case without prejudice. (*See Appx. 21*).

10. In deciding whether to grant a motion to stay discovery, the court "inevitably must balance the harm produced by a delay in discovery against the possibility that a dispositive motion will be granted and entirely eliminate the need for such discovery." *Chavous v. D.C. Fin. Responsibility and Management Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001). Plaintiff will not be harmed by a stay of discovery during the brief period while this Court decides the pending

---

[4] While the wording is not 100% identical, the parties and claims are the same.

Motions to Dismiss. Plaintiff is currently incarcerated, and the events of which he complains took place over two years ago. After the passage of more than two years, Plaintiff cannot claim that a discovery stay of a few weeks or months will impose any hardship.

11. Nor can Plaintiff argue that discovery is needed to rebut the pending Motions to Dismiss. As required by Rule 12(b)(6), the City Defendants' Motions to Dismiss assume the truth of the allegations in Plaintiff's Complaint and argue that the claims in that complaint are insufficient as a matter of law. Therefore, no discovery is required to prove what Plaintiff has already alleged. *See Chudasama*, 123 F.3d at 1367 (stating that "neither the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

## PRAYER

WHEREFORE, ALL PREMISES CONSIDERED, the City Defendants respectfully request that the Court grant this Motion for Protective Order and issue a protective order that the City Defendants need not answer the pending discovery requests, that discovery be stayed until Plaintiff's Complaint is screened or upon the resolution of the City Defendants' pending Motions to Dismiss, and that the Court grant the City Defendants such and further relief to which they may be justly entitled.

        Respectfully submitted,

        SPROUSE SHRADER SMITH P.C.
        Lee Ann Reno, Texas SBN 00791509
        Alex Yarbrough, Texas SBN 24079615
        701 S. Taylor, Suite 500
        Post Office Box 15008
        Amarillo, Texas 79105-5008
        Telephone: (806) 468-3300
        Facsimile: (806) 373-3454

        /s/ Lee Ann Reno
        Lee Ann Reno
        **ATTORNEYS FOR DEFENDANTS**
        **THE STINNETT POLICE DEPARTMENT, DRENNAN**
        **ROGERS, PATRICK LAMBERT, JEREMIAH JAMES**
        **MASSENGIL AND MARIE FARBRO IN THEIR**
        **INDIVIDUAL AND OFFICIAL CAPACITIES**

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2013, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

 Jimmy F. McHenry        *Via Certified Mail, Return Receipt Requested*
 #1811322
 Clements Unit
 9601 Spur 591
 Amarillo, Texas 79107
 **PRO SE PLAINTIFF**

 Matt D. Matzner
 Traci D. Siebenlist
 CRENSHAW DUPREE & MILAM, L.L.P.
 Post Office Box 1499
 Lubbock, Texas  79408-1499
 **ATTORNEY FOR DEFENDANTS HUTCHINSON COUNTY,**
 **DEPUTY CODY HINDERS, FORMER SHERIFF GUY ROWH,**
 **& FORMER CAPTAIN KAREN LOPEZ NOW KNOWN AS KAREN WATERS**

              /s/ Lee Ann Reno
              Lee Ann Reno

762836_1.doc
8801.159