IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| JIMMY F. McHENRY, PRO SE, | § | |
| TDCJ-CID No. 1811322, | § | |
| Previous TDCJ-CID No. 1060917, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:13-CV-0228-J |
| | § | |
| STINNETT POLICE DEPARTMENT ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION TO GRANT THE
"STINNETT POLICE DEPARTMENT AND OFFICIAL CAPACITY
DEFENDANTS' RULE 12(b)(1) AND RULE 12(b)(6) MOTIONS TO DISMISS "**

Before the Court for consideration is the "Stinnett Police Department and Official

Capacity Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss and Brief" filed

November 18, 2013 [D.E. 6] in the above-referenced and numbered cause by defendants

OFFICER DRENNAN ROGERS, OFFICER PATRICK LAMBERT, OFFICER JEREMIAH

JAMES MASSENGIL, and CHIEF MARIE FARBRO[1] in their official capacities, as well as by

the STINNETT POLICE DEPARTMENT.

Plaintiff has not responded to the motion to dismiss.  Plaintiff did file a December 6, 2013

"Motion for Extention (sic) of Time to Amend Complaint and Drop Federal Claims" [D.E. 21] by

which plaintiff requested he be allowed to amend his complaint to defeat federal jurisdiction.

That motion was denied by Order issued December 16, 2013 [D.E. 30].  Plaintiff also filed a

December 10, 2013 "Motion to Amend Pleadings" [D.E. 25] which was not accompanied by a

---

[1]In all pleadings prepared by counsel representing defendant MARIE FARBRO, her last name is spelled "FARBRO,"
not "FARBO."  The Court has instructed the Clerk to conform the spelling of this defendant's name to "FARBRO."

copy of the proposed Amended Complaint.  This triggered the Court's December 20, 2013 Order

to Cure Deficiency [D.E. 41], ordering plaintiff to submit another motion for leave to amend

accompanied by a proposed amended complaint.  No response was ever made, however, and the

deficiency remained uncured.

Plaintiff has had ample opportunity to amend his complaint and has failed to do so.  The

Court accepts plaintiff's present complaint as a statement of the plaintiff's best case and finds

there is no need to delay ruling on the present motion to dismiss for any further factual statement

from plaintiff.  *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Jacquez v. Procunier*, 801

F.2d 789, 792 (5th Cir. 1986).

## CLAIMS AND REQUESTS FOR RELIEF

Plaintiff alleges that, on October 28, 2011, defendant ROGERS used excessive force by

tazing, choking, and placing handcuffs on plaintiff too tight.  Plaintiff says defendant ROGERS

illegally arrested plaintiff, deprived him of medical attention, delayed a probable cause

determination within 48 hours, and caused injury to plaintiff's left pinky finger and right knee.

Plaintiff also claims defendant ROGERS authorized the towing and impoundment of plaintiff's

vehicle and unreasonably seized plaintiff's property, denying him the right to notice and an

opportunity to be heard by a Magistrate before the illegal sale of such property.

Plaintiff claims defendant LAMBERT assaulted plaintiff by choking him, used excessive

force by placing handcuffs on too tight, and caused an injury to plaintiff's left pinky finger and

right knee.

Plaintiff claims defendant MASSENGIL unlawfully discharged his service weapon

willfully and recklessly upon plaintiff, who was unarmed, rammed plaintiff's truck with his patrol

car, placed handcuffs on plaintiff too tight, and caused injury to plaintiff' left pinky finger and right knee.

Plaintiff claims defendant Chief MARIE FABRO failed to train and supervise defendants ROGERS, LAMBERT, and MASSENGIL which resulted in plaintiff's being subjected to an illegal arrest, excessive force by tazing and choking, application of handcuffs so tight that it caused nerve damage and scars, and a deprivation of medical attention at the hospital.

Plaintiff claims defendant Deputy CODY HINDERS of the HUTCHINSON COUNTY SHERIFF'S OFFICE used excessive force by placing handcuffs too tightly on plaintiff's wrists, causing nerve damage and scars on both wrists.

Plaintiff also asserts claims against defendant Sheriff GUY ROWH and Captain KAREN LOPEZ, both of the defendant HUTCHINSON COUNTY SHERIFF'S OFFICE, as well as defendant the HUTCHINSON COUNTY JAIL.

Review of the record upon removal reveals service was attempted upon defendants Sheriff GUY ROWH and Captain KAREN LOPEZ but was unsuccessful.  Since removal, plaintiff has not attempted to provide any additional information to enable service upon these defendants nor has he tendered the fees for service[2].  No summons was ever issued for defendant HUTCHINSON COUNTY SHERIFF'S OFFICE or for defendant HUTCHINSON COUNTY JAIL.

Plaintiff requests declaratory judgment that defendants' acts and omissions violated his rights under Texas laws and the laws and Constitution of the United States; injunctive relief, compensatory, punitive and nominal damages, as well as costs and attorneys' fees.

---

[2]Plaintiff is not proceeding *in forma pauperis* in federal court as the filing fee was paid by defendants upon removal.

## STANDARD OF REVIEW UNDER RULE 12(b)(6)

Rule 12(b)(6) provides for dismissal of an action for failure to state a claim upon which relief can be granted.  FED.R.CIV.PRO. 12(b)(6).  To defeat the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 570, 127 S.Ct. 1955, 167 L.E.2d 292 (2007).  The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citation and footnote omitted).  However, legal conclusions need not be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

"[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.  A statement of facts that merely creates a suspicion that the pleader might have a right of action is insufficient." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).  If the complaint lacks a required element which is a prerequisite to obtaining relief, dismissal is proper. *Clark v. Amoco Prods. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Southern Christian Leadership Conference v. Supreme Court of the State of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001)(quoting *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)).

In reviewing a motion for 12(b)(6) dismissal, the court must consider all of plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan, Stanley,*

*Dean, Witter, & Co.*, 313 F3d 305, 312 (5th Cir. 2002).  All reasonable inferences must be drawn

in favor of the non-movant's claims, *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th

Cir. 1997); and the *pro se* litigant's pleadings should be afforded a liberal construction, even if

they are inartfully phrased.  *See Erickson . Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 164 L.Ed.2d

1081 (2007).

Dismissal for failure to state a claim does not require a determination that, beyond a

doubt, the plaintiff can prove no set of facts in support of his claim that would entitle him to

relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929

(2007).  Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v.

Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted).

Although a district court may not go outside the complaint, the Fifth Circuit has

recognized one limited exception.  *Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir.

2003).  A district court may consider documents attached to a motion to dismiss if the documents

are referred to in the plaintiff's complaint and are central to the plaintiff's claims.  *Id*. (citing

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## THE LAW AND ANALYSIS

### STINNETT POLICE DEPARTMENT

Defendants correctly point out that plaintiff has named the STINNETT POLICE

DEPARTMENT as a defendant in this cause, but this defendant is not a legal entity subject to

suit.

Sheriff's departments and police departments are not usually considered legal entities subject to suit.  *See, e.g., Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir.1985) (Denver Police Department not suable entity), *vacated,* 475 U.S. 1138, 106 S.Ct. 1787, 90 L.Ed.2d 333 (1986) (remanding for consideration of mootness), *vacated as moot,* 800 F.2d 230 (1986) (no controversy because plaintiff withdrew from case); *Parker v. Fort Worth Police Department,* 980 F.2d 1023, 1026 (5th Cir.1993); *Post v. City of Fort Lauderdale*, 750 F.Supp. 1131 (S.D.Fla.1990); *Shelby v. City of Atlanta,* 578 F.Supp. 1368, 1370 (N.D.Ga.1984); *Ragusa v. Streator Police Department,* 530 F.Supp. 814, 815 (N.D.Ill.1981).  The capacity to sue and be sued is to be determined according to Texas law.  FED.R.CIV.PRO. 17(b)(3); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).  For a plaintiff to sue a city department, such as a police department, it must enjoy a separate legal existence.  *Id*.  Plaintiff has not pled the STINNETT POLICE DEPARTMENT has received a grant of authority from the city of Stinnett to engage in separate litigation.  It appears, therefore, that the STINNETT POLICE DEPARTMENT does not exist for purposes of suit and plaintiff's claims against that entity fail to state a claim on which relief can be granted.  FED.R.CIV.PRO. 12(b)(6); 42 U.S.C. 1915A(b).

**FEDERAL CLAIMS AGAINST DEFENDANTS OFFICER DRENNAN ROGERS, OFFICER PATRICK LAMBERT, OFFICER JEREMIAH JAMES MASSENGIL, and CHIEF MARIE FARBRO, IN THEIR OFFICIAL CAPACITIES, (the CITY)**

Plaintiff has sued each of the above-referenced defendants in both their individual and their official capacities.  By this motion, defendants address only plaintiff's claims against them in their official capacities and, in that capacity, refer to themselves as the "CITY."

As defendants point out, an official capacity claim is merely another way of pleading a suit against the government entity for which the individual defendant is an agent.  *See Kentucky*

*v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Each of the defendants ROGERS, LAMBERT, MASSENGIL, and FARBRO is an agent of the CITY of Stinnett. Therefore, plaintiff's claims against them in their official capacities are claims against the CITY.

A city may be held liable under section 1983 "when execution of its policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A city is not liable under a theory of *respondeat superior*. *Canton v. Harris*, 489 U.S. 378, 392, 109 S.Ct. 1197, 1206, 103 L.Ed.2d 412 (1989). Instead, a plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Monell*, 436 U.S. at 694, 98 S.Ct. at 2027; *Canton*, 489 U.S. 389. 109 S.Ct. 1205.

Consequently, to state a cause of action against the CITY of Stinnett pursuant to section 1983, plaintiff must (1) identify an official policy or custom (2) of which the policymaker can be charged with actual or constructive knowledge, and (3) show that it was the moving force which caused the alleged constitutional violation. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *Peotrowski v. City of Houston*, 237 F.4d 567, 578 (5th Cir. 2001).

Although plaintiff sues defendants ROGERS, LAMBERT, MASSENGIL, and FARBRO in their official capacities, the only allegations he makes which would apply against the CITY are:

> Defendant Chief Marie Fabro [sic] failure to train or supervise Officer Drennan Rogers, Officer Lambert Patrick, Officer Massengil Jeremiah James [sic] the subordinates of the Stinnett Police Department to use unlawful force that was excessive sadistic, and malisious [sic], and unreasonable that caused Plaintiff

> McHenrys' [sic] unlawful arrest with no search warrant or warrant,
> and without probable cause, and without a crime commited [sic]."

Plaintiff provides no factual allegations to support his conclusory claim of a failure to train and supervise.  His bare-bones assertion that there was some unidentified failure of training and/or supervision which caused the complained-of constitutional violations is not sufficient to state a cause of action against the CITY.

Nor has plaintiff identified any policy promulgated by the policymakers for the CITY or alleged facts showing any  persistent, widespread practice so common and well settled as to constitute a custom fairly representing municipal policy.  *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).  To show an accepted custom or practice and the element of deliberate indifference, plaintiff must allege more than a single isolated incident.  Plaintiff must allege facts showing "a pattern of similar incidents in which citizens were injured or endangered by intentional or negligent policy misconduct and/or that serious incompetence or misbehavior was general or widespread throughout the police force."  *Languirand v. Hayden*, 717 F.2d 220, 227 (5th Cir. 1983), *cert. denied*, 467 U.S. 1215, 104 S.Ct. 2656, 81 L.Ed.2d 363 (1984).  Plaintiff has not done so.

For these reasons, plaintiff has failed to state a claim on which relief can be granted against defendants ROGERS, LAMBERT, MASSENGIL, and FARBRO  in their official capacities.

### STATE LAW CLAIMS AGAINST DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

Defendants point out plaintiff has filed suit under Texas Civil Practice and Remedies Code section 101.106 against the named defendants in both their individual and official capacities.  By doing so, plaintiff triggers application of Texas Civil Practice and Remedies Code

section 101.106(e), which states that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.106(e).

The Court must comply with this requirement. *Bustos v. Martini Club*, 599 F.3d 458, 463-64 (5th Cir. 2010). Therefore, the Court lacks jurisdiction over plaintiff's state law claims against defendants in their individual capacities and must dismiss them pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure.

### STATE LAW CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES

Defendants correctly point out that plaintiff's state law claims against them in their official capacities are barred by sovereign immunity and are not included in the waiver set forth in the Texas Tort Claims Act. The Texas Tort Claims Act waives sovereign immunity for use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." TEX.CIV.PRAC.&REM.CODE § 101.021. This limited waiver does not extend to a claim for intentional torts such as those presented by plaintiff. TEX.CIV.PRAC.&REM.CODE § 101.057(2).

The Court notes plaintiff also attempts to express his claims against defendants as negligence claims. Thus, he claims defendant ROGERS created an unreasonable risk of harm by the use of excessive force, tazing and choking plaintiff, "and was negligent for instituting an illegal arrest against Plaintiff McHenry. Defendant Drennan Rogers injured and violated plaintiffs [sic] McHenrys [sic] rights under Texas Intentional Tort of Negligence against the laws of Texas." [Plaintiff's complaint at paragraph 119]. Further, he claims defendant FARBRO "had a duty to train, and supervise her subordinates . . . and breached that duty causing Plaintiff

McHenrys [sic] rights to be injured and violated by her officers . . . and violated plaintiff

McHenry's rights' under Texas Intentional Tort of Negligence against the Laws of Texas . . . ."

[Plaintiff's complaint at paragraph 122].  Plaintiff's claims of negligence are conclusory,

unaccompanied by any allegation of any supporting fact.  Moreover, the Texas Tort Claims Act

does not waive immunity as to claims of negligent supervision or training and "is not the

appropriate vehicle for claims of negligent failure to train or supervise." *Goodman v. Harris Cty*,

571 F.3d 388, 394 (5th Cir. 2009).

By his state law claims against the defendants in their official capacities, plaintiff has

failed to state a claim on which relief can be granted.

**FAILURE TO STATE A CLAIM FOR VARIOUS FORMS OF RELIEF**

Lastly, defendants argue declaratory judgment is not available, plaintiff lacks standing to

request injunctive relief, attorney's fees are not available, and plaintiff has not pled facts

sufficient to support a grant of punitive damages against defendants in their official capacities.

**A.**     **Declaratory Judgment**

Declaratory Judgment is authorized by the Federal Declaratory Judgment Act which

states, in relevant part, "in a case of actual controversy within its jurisdiction . . . any court of the

United States . . . may declare the rights and other legal relations of any interested party seeking

such declaration . . . ." 28 U.S.C. § 2201(a).  Further, "the existence of another adequate remedy

does not preclude a judgment for declaratory relief in cases where it is appropriate." FED. R.

CIV. PRO. 57.

A proper purpose of section 2201(a) is to allow potential defendants to resolve a dispute

without waiting to be sued or until the statute of limitations expires. *Texas Employers' Ins.*

*Assoc. v. Jackson,* 862 F.2d 491, 505 (5th Cir.1988).  It is, by its nature, a defensive action,

"allowing prospective defendants to sue to establish their nonliability."  *Beacon Theatres, Inc. v.*

*Westover*, 359 U.S. 500, 5904, 79 S.Ct. 948, 953, 3 L.Ed.2d 988 (1959).  Plaintiff McHENRY is

not seeking to avoid damages that might accrue due to a delayed assertion of a claim by others;

nor is he asking to be relieved of the threat of suit by asserting a valid defense.  Instead, plaintiff,

in an offensive stance, is asking the Court to declare the defendants are liable for alleged past

wrongful conduct.  Plaintiff has not shown how the Declaratory Judgment Act properly applies

and, with respect to this particular form of relief, has failed to state a claim on which relief can be

granted.

**B.      Injunctive Relief**

          Although plaintiff requests injunctive relief in the form of an order that defendants "cease

their physical violence of excessive force against plaintiff," plaintiff's own Complaint shows he

is located now at the Bill Clements Unit of the Texas Department of Criminal Justice,

Correctional Institutions Division.  Nothing in plaintiff's pleadings indicates he is presently in

contact with any of the defendants or will ever again be incarcerated in the Hutchinson County

Jail.  "The transfer of a prisoner out of an institution often will render his claims for injunctive

relief moot" unless he "can show either a 'demonstrated probability' or a 'reasonable

expectation' that he will be transferred back to the facility."  *Oliver v. Scott*, 276 F.3d 736, 741

(5th Cir. 2002)(quoting *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353

(1982)).  *See, Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 n.3 (5th Cir.

1996)(Jurisdiction over plaintiff's claims for future relief appropriate only if reasonable

likelihood exists that the plaintiff will again be subjected to the allegedly unconstitutional actions.").

As defendants point out, plaintiff has not alleged facts showing any ongoing violation of his constitutional rights nor any threat of such a future violation by defendants.  Therefore, plaintiff lacks standing to seek injunctive relief.  *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003).  Plaintiff's request for injunctive relief lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**C.      Attorney's Fees**

Plaintiff requests an award of attorney's fees; however, plaintiff is proceeding *in pro se.* It is long-established in the Fifth Circuit that attorney's fees are not available to a non-attorney, pro se litigant.  *See McLean v. Int'l Harvester Co.*, 902 F.2d 372, 373 (5th Cir. 1990).  Further, plaintiff cannot recover attorney's fees under Texas' general attorneys' fee statute.  *De Mino v. Achenbaum*, 136 Fed.Appx. 695, 696 (5th Cir. 2005).  Even is plaintiff were a licensed attorney representing himself, he would not be entitled to attorney's fees.  *See Beasley v. Peters*, 870 F.W.2d 191, 196 (Tex. App.  –  Amarillo 1994, no writ).

Plaintiff's request for attorney's fees is without an arguable basis in law and must be dismissed as frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)[3].

---

[3]A plaintiff who is represented by counsel and who prevails in a 42 U.S.C. § 1983 lawsuit may be entitled to an award of attorneys' fees pursuant to Title 42, United States Code, section 1997e(d) to the extent that the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under 42 U.S.C. § 1988 and the amount is proportionately related to the court ordered relief for the violation or was directly and reasonably incurred in enforcing the relief ordered for the violation.  42 U.S.C. § 1997e(d)(1).

D.      **Punitive Damages against Defendants in their Official Capacities**

Plaintiff requests punitive damages against defendants in both their official and individual capacities.  This Report and Recommendation deals only with plaintiff's request as it applies to defendants in their official capacities, that is, as against the City of Stinnett.  The Supreme Court has held that "[a] municipality is immune from punitive damages in a § 1983 claim."  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed. 2d 616 (1981); *see also Webster v. City of Houston*, 689 F.2d 1220 (5th Cir. 1982).  Therefore, plaintiff's requests for punitive damages against defendants in their official capacities lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Construing all of plaintiff's well-pleaded facts and documents submitted with his complaint to be true and viewing them in the light most favorable for plaintiff, the Magistrate Judge finds defendants "Stinnett Police Department and Official Capacity Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss" have merit.

It is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the "Stinnett Police Department and Official Capacity Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss and Brief" filed November 18, 2013 [D.E. 6] should be GRANTED and plaintiff's claims should be dismissed as follows:

1.      All of plaintiff's claims against the STINNETT POLICE DEPARTMENT BE

        DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON

WHICH RELIEF CAN BE GRANTED.  42 U.S.C. § 1915(A)(b);

FED.R.CIV.PRO. 12(b)(6);

2.      Plaintiff's federal civil rights claims against DEFENDANTS OFFICER

DRENNAN ROGERS, OFFICER PATRICK LAMBERT, OFFICER JEREMIAH

JAMES MASSENGIL, and CHIEF MARIE FARBRO in their official capacities

(the CITY) should be DISMISSED WITH  PREJUDICE FOR FAILURE TO

STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED;

3.      Plaintiff's state law claims against defendants in their individual capacities should

be DISMISSED PURSUANT TO RULE 12(b)(1), FEDERAL RULES OF CIVIL

PROCEDURE, FOR WANT OF JURISDICTION;

4.      Plaintiff's state law claims against defendants in their official capacities should be

DISMISSED WITH  PREJUDICE FOR FAILURE TO STATE A CLAIM ON

WHICH RELIEF CAN BE GRANTED, FED.R.CIV.PRO. 12(b)(6);

5.      Plaintiff's claims for declaratory relief should be DISMISSED FOR FAILURE TO

STATE A CLAIM ON WHICH DECLARATORY RELIEF CAN BE GRANTED;

6.      Plaintiff's claims for injunctive relief, for attorney's fees, and for punitive damages

against defendants  OFFICER DRENNAN ROGERS, OFFICER PATRICK

LAMBERT, OFFICER JEREMIAH JAMES MASSENGIL, and CHIEF MARIE

FARBRO IN THEIR OFFICIAL CAPACITIES, (the CITY) should be

DISMISSED AS FRIVOLOUS.

7.      IT IS THE FURTHER RECOMMENDATION OF THE MAGISTRATE JUDGE

TO THE UNITED STATES DISTRICT JUDGE THAT THE DISMISSAL OF

PLAINTIFF'S CLAIMS AS FRIVOLOUS AND FOR FAILURE TO STATE A

CLAIM ON WHICH RELIEF CAN BE GRANTED BE COUNTED AS A

"STRIKE" UNDER THE P.L.R.A.

By separate Report and Recommendation, the Magistrate Judge has recommended that

defendants HUTCHINSON COUNTY SHERIFF'S OFFICE and the HUTCHINSON COUNTY

JAIL be dismissed as non-juridical entities.

Plaintiff's claims against non-served defendants GUY ROWH and KAREN LOPEZ have

not been addressed because these parties have not been served.

Plaintiff's federal claims against defendants OFFICER DRENNAN ROGERS, OFFICER

PATRICK LAMBERT, OFFICER JEREMIAH JAMES MASSENGIL, and CHIEF MARIE

FARBRO in their individual capacities, as well as plaintiff's claims against defendant Deputy

CODY HINDERS in his official and individual capacities have not been analyzed in this Report

and Recommendation, and these claims remain pending.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of February, 2014.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).