IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| JIMMY F. McHENRY, PRO SE, | § | |
| TDCJ-CID No. 1811322, | § | |
| Previous TDCJ-CID No. 1060917, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:13-CV-0228-J |
| | § | |
| STINNETT POLICE DEPARTMENT ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS DEFENDANTS
HUTCHINSON COUNTY SHERIFF'S OFFICE
AND THE HUTCHINSON COUNTY JAIL**

Plaintiff JIMMY F. McHENRY, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, originally filed this lawsuit in the 84th District Court for the State of Texas. The case was removed to the United States District Court for the Northern District of Texas, Amarillo Division, on November 18, 2013. On removal, the defendants paid the filing fee; and plaintiff is not proceeding in forma pauperis in this Court.

Review of the file reveals that, among the defendants named by plaintiff are the HUTCHINSON COUNTY SHERIFF'S OFFICE and the HUTCHINSON COUNTY JAIL. No summons was ever issued for these defendants.

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Sheriff's departments and police departments are not usually considered legal entities subject to suit. *See, e.g., Martinez V. Winner*, 771 F.2d 424, 444 (10th Cir.1985) (Denver Police Department's not suable entity), *vacated,* 475 U.S. 1138, 106 S.Ct. 1787, 90 L.Ed.2d 333 (1986) (remanding for consideration of mootness), *vacated as moot,* 800 F.2d 230 (1986) (no controversy because plaintiffs withdrew from case); *Parker v. Fort Worth Police Department,* 980 F.2d 1023, 1026 (5th Cir.1993); *Post v. City of Fort Lauderdale*, 750 F.Supp. 1131 (S.D.Fla.1990); *Shelby v. City of Atlanta,* 578 F.Supp. 1368, 1370 (N.D.Ga.1984); *Ragusa v. Streator Police Department,* 530 F.Supp. 814, 815 (N.D.Ill.1981). The capacity to sue and be sued is to be determined according to Texas law. FED.R.CIV.P. 17(b)(3); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).

Plaintiff's unserved defendants the HUTCHINSON COUNTY SHERIFF'S OFFICE, *see, e.g., Dillon v. Jefferson County Sheriff's Department*, 973 F.Supp. 626, 627 (E.D.Tex.1997); *White*

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

*v. Birch*, 582 So.2d 1085, 1087 (Ala.1991); and the HUTCHINSON COUNTY JAIL ,*see, e.g., Guidry v. Jefferson County Detention Center*, 868 F.Supp. 189, 191 (E.D. Tex. 1994); *Wright v. El Paso County Jail*, 642 F.2d 134, 136 N.3 (5th Cir. 1981), are not juridical entities. They do not exist for purposes of suit. Plaintiff's claims against defendants HUTCHINSON COUNTY SHERIFF'S OFFICE and HUTCHINSON COUNTY JAIL should be dismissed under Title 28, United States Code, section 1915A(b) for failure to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to 42 U.S.C. § 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the claims filed by plaintiff JIMMY F. McHENRY against defendants the HUTCHINSON COUNTY SHERIFF'S OFFICE and the HUTCHINSON COUNTY JAIL be DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of February, 2014.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).