IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JIMMY F. McHENRY, PRO SE, §<br>TDCJ-CID No. 1811322, §<br>Previous TDCJ-CID No. 1060917, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>STINNETT POLICE DEPARTMENT ET AL., §<br>§<br>Defendants. § | 2:13-CV-0228-J |

**ORDER GRANTING STINNETT POLICE DEPARTMENT AND
OFFICIAL CAPACITY DEFENDANTS' RULE 12(b)(1) AND
RULE 12(b)(6), MOTIONS TO DISMISS; ORDER DENYING
PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND/OR SUPPLEMENT
COMPLAINT; SANCTION WARNING; and ORDER OF PARTIAL DISMISSAL**

Plaintiff JIMMY F. McHENRY, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, originally filed this lawsuit in the 84th District Court for the State of Texas. The case was removed to the United States District Court for the Northern District of Texas, Amarillo Division, on November 18, 2013. On removal, the defendants paid the filing fee; and plaintiff is not proceeding in forma pauperis in this Court.

On February 14, 2014, the United States Magistrate Judge issued two Reports and Recommendations at Docket Entry Nos. 47 and 48. By the Report and Recommendation to Dismiss Defendants Hutchinson County Sheriff's Office and the Hutchinson County Jail [D.E. 48], the Magistrate Judge analyzed plaintiff's claims against these two defendants under the Prison Litigation Act. By the Report and Recommendation to Grant the "Stinnett Police

Department and Official Capacity Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss" [D.E. 47], the Magistrate Judge analyzed the referenced motion to dismiss [D.E. 6].

By the February 14, 2014 Reports and Recommendations [D.E. 47 and 48], the Magistrate Judge specifically recommended as follows:

1. All of plaintiff's claims against defendants HUTCHINSON COUNTY SHERIFF'S OFFICE and the HUTCHINSON COUNTY JAIL be dismissed with prejudice for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

2. The "Stinnett Police Department and Official Capacity Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss" [D.E. 6] be granted and plaintiff's claims be dismissed as follows:

3. All of plaintiff's claims against the STINNETT POLICE DEPARTMENT be dismissed with prejudice for failure to state a claim on which relief can be granted. 42 U.S.C. § 1915A(b)(1); FED.R.CIV.PRO. 12(b)(6);

3. Plaintiff's federal civil rights claims against DEFENDANTS OFFICER DRENNAN ROGERS, OFFICER PATRICK LAMBERT, OFFICER JEREMIAH JAMES MASSENGIL, and CHIEF MARIE FARBRO in their official capacities (the CITY) be dismissed with prejudice for failure to state a claim on which relief can be granted;

4 Plaintiff's state law claims against defendants in their individual capacities be dismissed pursuant to Rule 12(b)(1), FED.R.CIV.PRO., for want of jurisdiction;

5. Plaintiff's state law claims against defendants in their official capacities be dismissed with prejudice for failure to state a claim on which relief can be granted, FED.R.CIV.PRO. 12(b)(6);

6. Plaintiff's claims for declaratory relief be dismissed for failure to state a claim on which declaratory relief can be granted;

7. Plaintiff's claims for injunctive relief, for attorney's fees, and for punitive damages against defendants OFFICER DRENNAN ROGERS, OFFICER PATRICK LAMBERT, OFFICER JEREMIAH JAMES MASSENGIL, and CHIEF MARIE FARBRO IN THEIR OFFICIAL CAPACITIES, (the CITY) be dismissed as frivolous.

2

8. It was the further recommendation of the Magistrate Judge to the United States District Judge that the dismissal of plaintiff's claims as frivolous and for failure to state a claim on which relief can be granted be counted as a "strike" under the P.L.R.A.

On February 26, 2014, plaintiff responded by filing his Objections, arguing his pleadings were sufficient under Rule 8, FED.R.CIV.PRO.; the Magistrate Judge was mistaken in stating that he failed to respond to the "Stinnett Police Department and Official Capacity Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss"; and the Court should afford plaintiff an opportunity to amend his complaint before dismissing any claims for failure to state a claim. Subsequent to his Objections, plaintiff filed nine pleadings requesting leave to amend or supplement his complaint[1] and to present arguments in support.

Although plaintiff conclusorily argues his pleadings are adequate when measured by the requirements of Rule 8, FED.R.CIV.PRO., he does not address the specific issues raised by defendants and analyzed by the Court or the bases for the conclusions of law and recommendations. Plaintiff's argument that the Court was mistaken in its statement that plaintiff had failed to respond to "Stinnett Police Department and Official Capacity Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss" [D.E.6] is both incorrect and without substantive effect on the Reports and Recommendations. The response plaintiff identifies was a response to defendant DRENNAN's Motion to Dismiss [D.E.7], not to "Stinnett Police Department and Official Capacity Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss" [D.E.6].

---

[1] In addition, plaintiff had earlier filed a December 6, 2013 motion [D.E. 21] which was denied by Order issued December 16, 2013 [D.E. 30]. Plaintiff then filed a December 10, 2013 motion [D.E.25] which was not accompanied by a copy of the proposed amended complaint. The Court issued an order to cure the deficiency [D.E. 41], but plaintiff failed to do so. Concluding plaintiff had received ample opportunity to state his best complaint and there was no reason to further delay ruling on the pending motions to dismiss, the Court analyzed the relevant pleadings and issued the two Reports and Recommendations.

As the Magistrate Judge pointed out in his Report and Recommendation, Docket Entry 47 at page 2, plaintiff was given ample opportunity to amend his complaint before the Magistrate Judge issued the two Reports and Recommendations [D.E. 47 and 48]. By the Order at Docket Entry no. 45, the Magistrate Judge denied plaintiff's motion to amend [D.E. 25]. Moreover, the Court has reviewed all of plaintiff's pleadings and the proposed amended complaint submitted with docket entry 56, as well as the responses by defendants HINDERS and the CITY defendants[2]. Plaintiff's attempt to amend and/or to supplement his complaint would not cure any of the defects identified and analyzed in the Reports and Recommendations.

Plaintiff attempts to add a new defendant, Adrian Brockett, the neighbor of plaintiff's sister who, seeing plaintiff park his truck and walk to and fro on the property of his neighbor in the dark and late at night, called the police. In *Rosenzweig v. Azurix Grp.*, the Fifth Circuit noted five factors to be considered in evaluating a request to amend: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of the allowance of the amendment, and (5) futility of the amendment. *Rosenzweig v. Azurix Grp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). The opportunities given to plaintiff to amend before the issuance of the February 14, 2014 Reports and Recommendations and plaintiff's failure to do so then, despite full knowledge of the facts he alleges against Brockett, supports a finding of undue delay and bad faith or dilatoriness of plaintiff's part. Further, plaintiff's amendment would be futile as he does not allege facts

---

[2]The CITY defendants consists of defendant STINNETT POLICE DEPARTMENT, and defendants OFFICER DRENNAN ROGERS, OFFICER PATRICK LAMBERT, OFFICER JEREMIAH JAMES MASSENGIL, and CHIEF MARIE FARBRO in their official capacities.

supporting a cause of action against Brockett nor does he cure the defects identified in the Reports and Recommendations.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Reports and Recommendations at Docket Entry nos. 47 and 48, as well as plaintiff's objections and all associated pleadings, replies, and responses.

The Court is of the opinion that plaintiff's objections should be OVERRULED and the Reports and Recommendations of the United States Magistrate Judge [D.E. 47 and 48] should be ADOPTED by the United States District Court.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Reports and Recommendations of the United States Magistrate Judge [D.E. 47 and 48].

IT IS THEREFORE ORDERED that:

1. Pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1), all of plaintiff's claims against defendants HUTCHINSON COUNTY SHERIFF'S OFFICE and the HUTCHINSON COUNTY JAIL are DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED. 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

2. The "Stinnett Police Department and Official Capacity Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss" [D.E. 6] is GRANTED.

3. All of plaintiff's claims against the STINNETT POLICE DEPARTMENT are DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED. 42 U.S.C. § 1915A(b); FED.R.CIV.PRO. 12(b)(6);

4. Plaintiff's federal civil rights claims against DEFENDANTS OFFICER DRENNAN ROGERS, OFFICER PATRICK LAMBERT, OFFICER JEREMIAH JAMES MASSENGIL, and CHIEF MARIE FARBRO in their official capacities (the CITY) are DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED;

5. Plaintiff's state law claims against defendants in their individual capacities are DISMISSED PURSUANT TO RULE 12(b)(1), FED.R.CIV.PRO., FOR WANT OF JURISDICTION BY OPERATION OF TEX.CIV.PRAC. & REM. CODE § 101.106(e);

6. Plaintiff's state law claims against defendants in their official capacities are DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED, FED.R.CIV.PRO. 12(b)(6);

7. Plaintiff's claims for declaratory relief are DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH DECLARATORY RELIEF CAN BE GRANTED;

8. Plaintiff's claims for injunctive relief, for attorney's fees, and for punitive damages against defendants OFFICER DRENNAN ROGERS, OFFICER PATRICK LAMBERT, OFFICER JEREMIAH JAMES MASSENGIL, and CHIEF MARIE FARBRO IN THEIR OFFICIAL CAPACITIES, (the CITY) are DISMISSED AS FRIVOLOUS.

9. The dismissal herein of plaintiff's claims as frivolous and for failure to state a claim on which relief can be granted constitutes a "strike" under the P.L.R.A.

LET JUDGMENT BE ENTERED ACCORDINGLY.

This Order terminates docket entry nos. 6, 47, 48, 50 and 56.

IT IS FURTHER ORDERED THAT:

Plaintiff's request for leave to amend or supplement, contained in his Objections and asserted in various motions and pleadings subsequent thereto, is **DENIED**.

**PLAINTIFF IS WARNED** that future filings of repetitive pleadings, as he did in this instance, will be construed as conduct in violation of Rule 11(b)(1), FED.R.CIV.PRO., prohibiting the filing of pleadings for improper purposes such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, which plaintiff has certainly done in the instant case. Plaintiff cannot simply continue to file responses and supplements to his responses and

6

new motions for leave to perform an act which has already been denied or for which the time has expired.

Plaintiff's federal claims against defendants OFFICER DRENNAN ROGERS, OFFICER PATRICK LAMBERT, OFFICER JEREMIAH JAMES MASSENGIL, and CHIEF MARIE FARBRO in their individual capacities, as well as plaintiff's claims against defendant Deputy CODY HINDERS in his official and individual capacities remain pending.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ day of July, 2014.

_____
MARY LOU ROBINSON
United States District Judge