IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JIMMY F. McHENRY, PRO SE, § <br> TDCJ-CID No. 1811322, § <br> Previous TDCJ-CID No. 1060917, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> STINNETT POLICE DEPARTMENT ET AL., § <br> § <br> Defendants. § | 2:13-CV-0228-J |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT CODY HINDERS'
IN HIS OFFICIAL CAPACITY, MOTION TO DISMISS PURSUANT TO RULE 12(b)(6);
AND MOTION TO DISMISS STATE TORT CLAIMS PURSUANT TO RULE 12(b)(1)
AND SECTIONS 101.057(2) AND 101.106 OF THE TEXAS TORT CLAIMS ACT**

Before the Court for consideration are (1) Defendant Cody Hinders', in His Official Capacity, Motion to Dismiss Pursuant to Rule 12(b)(6), filed December 2, 2013 [D.E. 15] and (2) Defendant Cody Hinders' Motion to Dismiss State Tort Claims Pursuant to Rule 12(b)(1) and Sections 101.057(2) and 101.106 of the Texas Tort Claims Act [D.E. 14] filed November 27, 2013.

Plaintiff has not responded to these motions to dismiss and his subsequent motions to amend and/or for remand have been denied.

**CLAIMS AND REQUESTS FOR RELIEF**

Plaintiff alleges that, on or about October 28, 2011, defendant Deputy CODY HINDERS of the HUTCHINSON COUNTY SHERIFF'S OFFICE used excessive force by placing handcuffs too tightly on plaintiff's wrists, causing nerve damage and scars to both wrists.

Plaintiff requests declaratory judgment that defendant's acts and omissions violated his rights under Texas laws and the laws and Constitution of the United States; injunctive relief, compensatory, punitive and nominal damages, as well as costs and attorneys' fees.

## STANDARD OF REVIEW UNDER RULE 12(b)(6)

Rule 12(b)(6) provides for dismissal of an action for failure to state a claim upon which relief can be granted. FED.R.CIV.PRO. 12(b)(6). To defeat the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 570, 127 S.Ct. 1955, 167 L.E.2d 292 (2007). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citation and footnote omitted). However, legal conclusions need not be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

"[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. A statement of facts that merely creates a suspicion that the pleader might have a right of action is insufficient." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). If the complaint lacks a required element which is a prerequisite to obtaining relief, dismissal is proper. *Clark v. Amoco Prods. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Southern Christian Leadership Conference v. Supreme Court of the State of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001)(quoting *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)).

In reviewing a motion for 12(b)(6) dismissal, the court must consider all of plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan, Stanley, Dean, Witter, & Co.*, 313 F3d 305, 312 (5th Cir. 2002). All reasonable inferences must be drawn in favor of the non-movant's claims, *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997); and the *pro se* litigant's pleadings should be afforded a liberal construction, even if they are inartfully phrased. *See Erickson . Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 164 L.Ed.2d 1081 (2007).

Dismissal for failure to state a claim does not require a determination that, beyond a doubt, the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted).

## THE LAW AND ANALYSIS

**FEDERAL CLAIMS AGAINST DEFENDANT HINDERS IN HIS OFFICIAL CAPACITY**

Plaintiff has sued defendant HINDERS in both his individual and his official capacity. By this motion [D.E. 15], defendant addresses only plaintiff's claims against him in his official capacity.

An official capacity claim is merely another way of pleading a suit against the governmental entity for which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Defendant HINDERS is a Deputy

Sheriff for HUTCHINSON COUNTY and by suing him in his official capacity plaintiff has sued HUTCHINSON COUNTY.

For official capacity liability under section 1983, however, the defendant must have been delegated policy-making authority under state law. *City of St. Louis v. Praprotnik,* 485 U.S. 112, 125, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). Plaintiff has alleged no facts showing the necessary delegation of policy-making authority to Deputy Sheriff HINDERS.

Nevertheless, defendant HINDERS advances other grounds to support the contention that plaintiff's claims against him as an agent of HUTCHINSON COUNTY, must be dismissed for failure to state a claim.

A municipality may be held liable under section 1983 "when execution of its policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipality is not liable under a theory of *respondeat superior*. *Canton v. Harris*, 489 U.S. 378, 392, 109 S.Ct. 1197, 1206, 103 L.Ed.2d 412 (1989). Instead, a plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Monell*, 436 U.S. at 694, 98 S.Ct. at 2027; *Canton*, 489 U.S. 389. 109 S.Ct. 1205.

Assuming, *arguendo,* defendant HINDERS is an agent, *i.e.*, a policy-maker of HUTCHINSON COUNTY, to state a cause of action against HUTCHINSON COUNTY pursuant to section 1983, plaintiff must (1) identify an official policy or custom (2) of which the policymaker can be charged with actual or constructive knowledge, and (3) show that it was the

moving force which caused the alleged constitutional violation. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *Peotrowski v. City of Houston*, 237 F.4d 567, 578 (5th Cir. 2001).

Although plaintiff sues defendant HINDERS in his official capacity, the only direct allegation he makes against HINDERS is that he applied handcuffs too tightly on one occasion.

Plaintiff does allege, in conclusory fashion, that there was inadequate training and supervision by HUTCHINSON COUNTY; however, he does not allege any facts connecting this claim of "inadequate training" with defendant HINDERS nor does he provide more than a formulaic recitation of this claim. Plaintiff makes no statement of facts showing any actual failure to train or supervise by defendant HINDERS or anyone else. Plaintiff simply asserts inadequate training and supervision existed and caused violations of his constitutional rights. Plaintiff has not alleged facts showing how the training and/or supervision given defendant HINDERS or anyone else was inadequate or how it resulted in constitutional violations.

Nor has plaintiff identified any policy promulgated by the policymakers for HUTCHINSON COUNTY or alleged facts showing any persistent, widespread practice so common and well settled as to constitute a custom which could be classified as fairly representing municipal policy. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). To show an accepted custom or practice and the element of deliberate indifference, plaintiff must allege more than a single isolated incident. Plaintiff must allege facts showing "a pattern of similar incidents in which citizens were injured or endangered by intentional or negligent policy misconduct and/or that serious incompetence or misbehavior was general or widespread throughout the police force." *Languirand v. Hayden*, 717 F.2d 220, 227 (5th Cir. 1983), *cert. denied*, 467 U.S. 1215, 104 S.Ct. 2656, 81 L.Ed.2d 363 (1984). Plaintiff has not done so.

To state a claim upon which relief may be granted, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Plaintiff has not presented any factual allegations to support his conclusory allegations of a failure to train or supervise against defendant HUTCHINSON COUNTY and has failed to identify any policy, practice or custom and show it resulted in violations of his constitutional rights.

For these reasons, plaintiff has failed to state a claim on which relief can be granted against defendant HINDERS in his official capacity.

**STATE LAW CLAIMS AGAINST DEFENDANT IN HIS INDIVIDUAL CAPACITY**

Defendant HINDERS points out plaintiff has filed suit under Texas Civil Practice and Remedies Code section 101.106 against him in both his individual and official capacities. By doing so, plaintiff triggers application of Texas Civil Practice and Remedies Code section 101.106(e), which states that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.106(e).

The Court must comply with this requirement. *Bustos v. Martini Club*, 599 F.3d 458, 463-64 (5th Cir. 2010). Therefore, the Court lacks jurisdiction over plaintiff's state law claims

against defendant HINDERS in his individual capacity and must dismiss such claims pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure.

**STATE LAW CLAIMS AGAINST DEFENDANT HINDERS IN HIS OFFICIAL CAPACITY**

Defendant HINDERS correctly points out that plaintiff's state law claims against him in his official capacity are barred by sovereign immunity and are not included in the waiver set forth in the Texas Tort Claims Act. The Texas Tort Claims Act waives sovereign immunity for use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." TEX.CIV.PRAC.&REM.CODE § 101.021. This limited waiver does not extend to a claim for intentional torts such as those presented by plaintiff in this lawsuit. TEX.CIV.PRAC.& REM.CODE § 101.057(2).

To the extent plaintiff also attempts to express his claims against any of the defendants as negligence claims, plaintiff's claims of negligence are conclusory and are unaccompanied by any supporting facts. Moreover, the Texas Tort Claims Act does not waive immunity as to claims of negligent supervision or training and "is not the appropriate vehicle for claims of negligent failure to train or supervise." *Goodman v. Harris Cty*, 571 F.3d 388, 394 (5th Cir. 2009).

By his state law claims against the defendant HINDERS in his official capacity, plaintiff has failed to state a claim on which relief can be granted.

**VARIOUS FORMS OF RELIEF**

Defendant HINDERS argues declaratory judgment and punitive damages against him in his official capacity are not available.

A.  **Declaratory Judgment**

Declaratory Judgment is authorized by the Federal Declaratory Judgment Act which states, in relevant part, "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). Further, "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." FED. R. CIV. PRO. 57.

A proper purpose of section 2201(a) is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires. *Texas Employers' Ins. Assoc. v. Jackson,* 862 F.2d 491, 505 (5th Cir.1988). It is, by its nature, a defensive action, "allowing prospective defendants to sue to establish their nonliability." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 5904, 79 S.Ct. 948, 953, 3 L.Ed.2d 988 (1959). Plaintiff McHENRY is not seeking to avoid damages that might accrue due to a delayed assertion of a claim by others; nor is he asking to be relieved of the threat of suit by asserting a valid defense. Instead, plaintiff, in an offensive stance, is asking the Court to declare the defendants are liable for alleged past wrongful conduct. Plaintiff has not shown how the Declaratory Judgment Act properly applies and, with respect to this particular form of relief, has failed to state a claim on which relief can be granted.

B.  **Punitive Damages against Defendants in their Official Capacities**

Plaintiff requests punitive damages against defendants in both their official and individual capacities. This Report and Recommendation deals only with plaintiff's request as it applies to defendants in their official capacities, that is, as against HUTCHINSON COUNTY. The

Supreme Court has held that "[a] municipality is immune from punitive damages in a § 1983 claim." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed. 2d 616 (1981); *see also Webster v. City of Houston*, 689 F.2d 1220 (5th Cir. 1982). Therefore, plaintiff's requests for punitive damages against defendant HINDERS in his official capacity lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The Court further notes plaintiff's requests for injunctive relief and attorney's fees are frivolous.

**C.     Injunctive Relief**

Although plaintiff requests injunctive relief in the form of an order that defendants "cease their physical violence of excessive force against plaintiff," plaintiff's own pleadings show he is located now at the Robertson Unit of the Texas Department of Criminal Justice, Correctional Institutions Division. Nothing in plaintiff's pleadings indicates he is presently in contact with any of the defendants or will ever again be incarcerated in the Hutchinson County Jail. "The transfer of a prisoner out of an institution often will render his claims for injunctive relief moot" unless he "can show either a 'demonstrated probability' or a 'reasonable expectation' that he will be transferred back to the facility." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)(quoting *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982)). *See, Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996)(Jurisdiction over plaintiff's claims for future relief appropriate only if reasonable likelihood exists that the plaintiff will again be subjected to the allegedly unconstitutional actions.").

Plaintiff has not alleged facts showing any ongoing violation of his constitutional rights nor any threat of any future violation by the defendant. Therefore, plaintiff lacks standing to seek injunctive relief. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). Plaintiff's request for injunctive relief lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**D.      Attorney's Fees**

Plaintiff requests an award of attorney's fees; however, plaintiff is proceeding *in pro se*. It is long-established in the Fifth Circuit that attorney's fees are not available to a non-attorney, pro se litigant. *See McLean v. Int'l Harvester Co.*, 902 F.2d 372, 373 (5th Cir. 1990). Further, plaintiff cannot recover attorney's fees under Texas' general attorneys' fee statute. *De Mino v. Achenbaum*, 136 Fed.Appx. 695, 696 (5th Cir. 2005). Even is plaintiff were a licensed attorney representing himself, he would not be entitled to attorney's fees. *See Beasley v. Peters*, 870 F.W.2d 191, 196 (Tex. App. – Amarillo 1994, no writ).

Plaintiff's request for attorney's fees is without an arguable basis in law and must be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)[1].

## CONCLUSION

Construing all of plaintiff's well-pleaded facts and documents submitted with his complaint to be true and viewing them in the light most favorable to plaintiff, the Magistrate

---

[1] A plaintiff who is represented by counsel and who prevails in a 42 U.S.C. § 1983 lawsuit may be entitled to an award of attorneys' fees pursuant to Title 42, United States Code, section 1997e(d) to the extent that the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under 42 U.S.C. § 1988 and the amount is proportionately related to the court ordered relief for the violation or was directly and reasonably incurred in enforcing the relief ordered for the violation. 42 U.S.C. § 1997e(d)(1).

Judge finds Defendant Cody Hinders', in His Official Capacity, Motion to Dismiss Pursuant to Rule 12(b)(6), filed December 2, 2013 [D.E. 15] and Defendant Cody Hinders' Motion to Dismiss State Tort Claims Pursuant to Rule 12(b)(1) and Sections 101.057(2) and 101.106 of the Texas Tort Claims Act [D.E. 14] filed November 27, 2013 are meritorious.

It is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that Defendant Cody Hinders', in His Official Capacity, Motion to Dismiss Pursuant to Rule 12(b)(6), filed December 2, 2013 [D.E. 15] and Defendant Cody Hinders' Motion to Dismiss State Tort Claims Pursuant to Rule 12(b)(1) and Sections 101.057(2) and 101.106 of the Texas Tort Claims Act [D.E. 14] filed November 27, 2013 be GRANTED and plaintiff's claims be dismissed as follows:

1. Plaintiff's federal civil rights claims against DEFENDANT CODY HINDERS in his official capacity should be DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED;

2. Plaintiff's state law claims against defendant CODY HINDERS in his individual capacity should be DISMISSED PURSUANT TO RULE 12(b)(1), FEDERAL RULES OF CIVIL PROCEDURE, FOR WANT OF JURISDICTION;

3. Plaintiff's state law claims against defendant CODY HINDERS in his official capacity should be DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED, FED.R.CIV.PRO. 12(b)(6);

4.   Plaintiff's claims for declaratory relief should be DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH DECLARATORY RELIEF CAN BE GRANTED;

5.   Plaintiff's claims for injunctive relief, for attorney's fees, and for punitive damages against defendant CODY HINDERS in his official capacity should be DISMISSED AS FRIVOLOUS.

Plaintiff's federal claims against defendant HINDERS in his individual capacity, have not been analyzed in this Report and Recommendation, and these claims remain pending, along with plaintiff's federal claims against defendants ROGERS, LAMBERT, MASSENGIL, and FARBRO in their individual capacities.

**Plaintiff may file Objections as provided under the Notice of Right to Object below; however, plaintiff is instructed to file all of his objections at one time in a single, timely pleading and not piecemeal in multiple pleadings.**

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 29th day of July, 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).