IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JIMMY F. McHENRY, PRO SE, § | |
| TDCJ-CID No. 1811322, § | |
| Previous TDCJ-CID No. 1060917, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:13-CV-0228-J |
| § | |
| STINNETT POLICE DEPARTMENT ET AL., § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT MARIE FARBRO's RULE 12(b)(6) MOTION TO DISMISS**

Before the Court for consideration is defendant MARIE FARBRO's Rule 12(b)(6) Motion to Dismiss filed November 18, 2013 in the above-referenced and numbered cause.

Plaintiff has not responded to this motion to dismiss and his subsequent motions to amend and/or for remand, primarily for the purpose of defeating this Court's jurisdiction on removal, have been denied. On August 4, 2014, plaintiff filed a pleading entitled, "Plaintiff's Disclosure of Evidence and Reply" by which he presented a radiologist's report on an x-ray of plaintiff's right hand taken June 13, 2014. The report shows fractured hardware at the fourth metacarpal and a healing fracture involving the fifth metacarpal, both on the right hand. Plaintiff contends this injury to his right hand occurred during the October 2011 use of force forming the basis of the instant lawsuit.

Plaintiff's claims against defendant STINNETT POLICE DEPARTMENT, defendant HUTCHINSON COUNTY SHERIFF'S OFFICE and defendant HUTCHINSON COUNTY JAIL have been dismissed. Plaintiff's federal civil rights claims against defendants ROGERS,

LAMBERT, MASSENGIL, and FARBRO in their official capacities have been dismissed, along with plaintiff's state law claims against these defendants in both their official and individual capacities. Further, plaintiff's claims for declaratory relief, injunctive relief, punitive damages and for attorney's fees have been dismissed.

## CLAIMS

Plaintiff claims defendant Chief MARIE FARBRO failed to train and supervise defendants ROGERS, LAMBERT, and MASSENGIL which resulted in plaintiff's being subjected to an illegal arrest, excessive force by tasing and choking, application of handcuffs so tight that it caused nerve damage and scars, and a deprivation of medical attention at the hospital.

Plaintiff alleges that, on October 28, 2011, defendant ROGERS used excessive force by tasing, choking, and placing handcuffs on plaintiff too tight. Plaintiff says defendant ROGERS illegally arrested plaintiff, deprived him of medical attention, delayed a probable cause determination which should have occurred within 48 hours, and caused injury to plaintiff's left pinky finger and right knee. Plaintiff also claims defendant ROGERS authorized the towing and impoundment of plaintiff's vehicle and unreasonably seized plaintiff's property, denying him the right to notice and an opportunity to be heard by a Magistrate before the illegal sale of such property. Plaintiff claims defendant LAMBERT assaulted plaintiff by choking him, used excessive force by placing handcuffs on too tight, and caused an injury to plaintiff's left pinky finger and right knee. Plaintiff claims defendant MASSENGIL unlawfully discharged his service weapon willfully and recklessly upon plaintiff, who was unarmed, rammed plaintiff's truck with his patrol car, placed handcuffs on plaintiff too tight, and caused injury to plaintiff' left pinky finger and right knee.

Plaintiff claims defendant Deputy CODY HINDERS of the HUTCHINSON COUNTY SHERIFF'S OFFICE used excessive force by placing handcuffs too tightly on plaintiff's wrists, causing nerve damage and scars on both wrists.

Plaintiff also asserts claims against defendant Sheriff GUY ROWH and Captain KAREN LOPEZ, both of the defendant HUTCHINSON COUNTY SHERIFF'S OFFICE, as well as defendant the HUTCHINSON COUNTY JAIL. Review of the record before removal reveals service was attempted upon defendants Sheriff GUY ROWH and Captain KAREN LOPEZ but was unsuccessful. Since removal, there is no indication that plaintiff has secured or attempted to obtain service on these defendants nor has he tendered the fees for service[1].

## STANDARD OF REVIEW UNDER RULE 12(b)(6)

Rule 12(b)(6) provides for dismissal of an action for failure to state a claim upon which relief can be granted. FED.R.CIV.PRO. 12(b)(6). To defeat the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 570, 127 S.Ct. 1955, 167 L.E.2d 292 (2007). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citation and footnote omitted). However, legal conclusions need not be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

"[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. A statement of facts that merely

---

[1] Plaintiff is not proceeding *in forma pauperis* in federal court as the filing fee was paid by defendants upon removal.

creates a suspicion that the pleader might have a right of action is insufficient." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). If the complaint lacks a required element which is a prerequisite to obtaining relief, dismissal is proper. *Clark v. Amoco Prods. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Southern Christian Leadership Conference v. Supreme Court of the State of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001)(quoting *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)).

In reviewing a motion for 12(b)(6) dismissal, the court must consider all of plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan, Stanley, Dean, Witter, & Co.*, 313 F3d 305, 312 (5th Cir. 2002). All reasonable inferences must be drawn in favor of the non-movant's claims, *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997); and the *pro se* litigant's pleadings should be afforded a liberal construction, even if they are inartfully phrased. *See Erickson . Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 164 L.Ed.2d 1081 (2007).

Dismissal for failure to state a claim does not require a determination that, beyond a doubt, the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted).

## THE LAW AND ANALYSIS

Review of plaintiff's complaint shows he claims defendant FARBRO failed to properly supervise or train defendants ROGERS, LAMBERT, and MASSENGIL which resulted in plaintiff's "unlawful arrest with no search warrant or warrant, and without probable cause, and without a crime commited," excessive force by tasing and choking, application of handcuffs so tight that it caused nerve damage and scars, and a deprivation of medical attention at the hospital. He also claims FARBRO willfully deprived him of due process.

Plaintiff has presented absolutely no factual support for his allegations that defendants ROGERS, LAMBERT and MASSENGIL were improperly trained and/or improperly supervised by defendant FARBRO. The same standards of fault and causation that govern municipal liability in claims of failure to train and/or supervise also apply to claims of an individual supervisor's liability. *Doe v. Taylor Independent School District*, 15 F.3d 443, 454 (5th Cir. 1994), *cert. denied*, 513 U.S. 815, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994). To state a claim of §1983 liability for an individual supervisor, there must be a showing of (1) a "deliberately indifferent" policy of training or supervision that (2) was the "closely related cause of the violation of the plaintiff's federally protected rights. *Id*. at 453. Allegation of an isolated incident is not sufficient to show that a policy or custom exists as it does not show the persistent, often repeated constant violations that constitute custom and policy. Further, a policy of inadequate training must be the product of a conscious choice. *Hood v. Itawamba County, Miss*., 819 F.Supp. 556, 564 (N.D.Miss. 1993), (citing *Palmer v. City of San Antonio*, 810 F.2d 514, 516 (5th Cir. 1987). It appears plaintiff is contending the alleged acts by the individual officers in arresting plaintiff constitute sufficient facts to support a claim of a failure to train and/or

supervise. If that is plaintiff's contention against defendant FARBRO, it is without merit, and plaintiff has failed to state a claim on which relief can be granted.

To the extent plaintiff's claims against defendant FARBRO are based, in whole or in part, upon her supervisory capacity, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when she is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal involvement by defendant FARBRO during his arrest or at any time during his detention afterwards. Plaintiff has failed to state a claim against defendant FARBRO in her individual capacity.

Further, plaintiff has alleged no fact showing any causal connection between defendant FARBRO's acts and the alleged constitutional violations. Plaintiff's claims against FARBRO in her official capacity have already been dismissed. The Court notes plaintiff alleged no facts showing a connection between the alleged failure of supervision and/or training and the causation of the alleged constitutional violations.

To state a claim for municipal liability a plaintiff must plead facts from which the Court could reasonably infer: "(1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010).

The Fifth Circuit has explained "that each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff, and it must be determined whether each one is facially constitutional or unconstitutional." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). There is no factual allegation identifying one or more unconstitutional policies, practices, or customs. Further, there is no allegation of fact showing the requisite deliberate indifference on FARBRO's part.

As to plaintiff's claimed deprivation of due process, plaintiff provides no facts to explain or support this claim against FARBRO and he does not specify whether it relates to the incidents accompanying his arrest or to some incident afterwards.

A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Plaintiff has not presented any factual allegation of any sort to support his conclusory allegations against defendant FARBRO and, thus, has failed to state a claim against this defendant on which relief can be granted

## CONCLUSION

Construing all of plaintiff's well-pleaded facts and documents submitted with his complaint to be true and viewing them in the light most favorable to plaintiff, the Magistrate Judge finds Defendant MARIE FARBRO's Rule 12(b)(6) Motion to Dismiss filed November 18, 2013 is meritorious.

It is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that Defendant MARIE FARBRO's Rule 12(b)(6) Motion to Dismiss filed November 18,

2013 be GRANTED and plaintiff's remaining claims against defendant FARBRO be dismissed for failure to state a claim on which relief can be granted.

**Plaintiff may file Objections as provided under the Notice of Right to Object below; however, plaintiff is instructed to file all of his objections at one time in a single, timely pleading and not piecemeal in multiple pleadings.**

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 8th day of August, 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


*** NOTICE OF RIGHT TO OBJECT ***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and

recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).