CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2014 SEP 25  PM 3: 29

DEPUTY CLERK  _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JIMMY F. McHENRY, PRO SE, | § | |
| TDCJ-CID No. 1811322, | § | |
| Previous TDCJ-CID No. 1060917, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:13-CV-0228-J |
| | § | |
| STINNETT POLICE DEPARTMENT ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING THE MOTIONS TO DISMISS BY
DEFENDANTS FARBRO, LAMBERT, AND MASSENGIL;
ORDER GRANTING, IN PART, AND DENYING, IN PART,
THE MOTION TO DISMISS BY DEFENDANT ROGERS, and
ORDER OF PARTIAL DISMISSAL**

The instant cause was received on November 18, 2013 by removal from the 84th District

Court of Hutchinson County, Texas.  Plaintiff JIMMY F. McHENRY, while a prisoner confined

in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit

asserting claims falling under Title 42, United States Code, section 1983 and Texas law against

numerous individual, institutional, and municipal defendants, and has been granted permission to

proceed *in forma pauperis*.

On July 28, 2014, the Court issued an Order Granting Stinnett Police Department and

Official Capacity Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss and Order of

Partial Dismissal.  By that Order, all of plaintiff's claims against HUTCHINSON COUNTY

SHERIFF'S OFFICE, HUTCHINSON COUNTY JAIL, and the STINNETT POLICE

DEPARTMENT were dismissed with prejudice for failure to state a claim on which relief could

be granted; plaintiff's federal civil rights claims against defendants FARBRO, ROGERS, LAMBERT, and MASSENGIL in their official capacities were dismissed with prejudice for failure to state a claim on which relief could be granted, plaintiff's state law claims against defendants in their individual capacities were dismissed pursuant to Rule 12(b)(1), Fed.R.Civ.Pro., for want of jurisdiction by operation of Tex.Civ.Prac.&Rem.Code § 101.106(e); plaintiff's state law claims against defendants in their official capacities were dismissed for failure to state a claim on which relief could be granted, Rule 12(b)(6), Fed.R.Civ.Pro.; plaintiff's claims for declaratory relief were dismissed for failure to state a claim on which relief could be granted; and plaintiff's claims against defendants FARBRO, ROGERS, LAMBERT, and MASSENGIL in their official capacity for injunctive relief, attorney's fees, and punitive damages were DISMISSED AS FRIVOLOUS.  Plaintiff was instructed that the dismissal of his claims as frivolous and for failure to state a claim on which relief can be granted would be counted as a "strike" under the Prison Litigation Reform Act.

On August 8, 2014, the Court issued a Report and Recommendation to Grant Defendant MARIE FARBRO's Rule 12(b)(6) Motion to Dismiss (D.E. no. 72), a Report and Recommendation to Grant the Rule 12(b)(6) Motions to Dismiss by Defendants LAMBERT and MASSENGIL (D.E. no. 73), and a Report and Recommendation to Grant, In Part, and Deny, In Part, Defendant DRENNAN ROGERS' Rule 12(b)(6) Motion to Dismiss (D.E. no. 74). Plaintiff's filed his Objections (D.E. nos. 85, 86, and 87) on August 22, 2014.  Defendants LAMBERT and MASSENGIL filed their reply to plaintiff's Objections [D.E. no. 92] on September 8, 2014.

Plaintiff argues evidence he has recently submitted showing that, at some point, he sustained an injury to his right hand (plaintiff had originally only alleged an injury to his left pinky finger and right knee) is sufficient to show a failure to train and supervise by defendant FARBRO. The analysis of plaintiff's claims against defendant FARBRO did not hinge upon plaintiff's injuries, and inclusion of this in plaintiff's allegations does not alter the conclusions contained in the Report and Recommendation. Plaintiff has failed to state a claim against defendant FARBRO in her individual or her official capacity.

Plaintiff contends the Report and Recommendation to Grant the Rule 12(b)(6) Motions to Dismiss by Defendants LAMBERT and MASSENGIL (D.E. no. 73), contains factual inaccuracies, but plaintiff does not show how the alleged inaccuracies, if any, affect the analysis of his claims. Nevertheless, the alleged "inaccuracies" are reviewed below.

Plaintiff contends there was no police cruiser following plaintiff as he approached Stinnett and he was not followed until after turning into Stinnett's main street. Review of plaintiff's complaint shows that, at paragraphs 15 and 16 of the section titled "IV. Facts," plaintiff says as follows:

> . . . I was driving the speed limit to Hwy 136 where I turned North on main street into Stinnett, then a police vehicle began to follow me. Then other police cruisers followed me, as I drove threw [sic] several streets, then turned west off of main street on 6th west, then to Mackenzie street turned right heading north turning back to the East one block, turned right on main street headed south were I felt was a safe place to stop in front of Allsups store in fron [sic] of the Hutchinson County Jail and Hutchinson County Court House where it was well lighted.

Plaintiff's account, quoted above, shows that, whether shortly before or just after entering the City of Stinnett, plaintiff saw he was being followed by a police vehicle which was soon

3

augmented by "other police cruisers," but plaintiff did not stop. Instead, he led the several police

vehicles in a chase through Stinnett until he "ran out of gas" in a well lit area, the Allsups

convenience store. These actions show plaintiff's persistence in attempting to avoid capture by

the police. Plaintiff does not show how error in the Report and Recommendation, if any, on the

issue of when the first cruiser appeared changes the analysis of his claims.

Plaintiff says he was at a complete stop when defendant MASSENGIL "intentionally and

recklessly" struck plaintiff's truck by "failing to maintain proper lookout," "failing to turn his

vehicle in an effort to avoid the collision," "failing to timely apply his brake," and "failed to yield

the right of way." Plaintiff says he "objects because MASSENGIL could have avoided the

accident."

The above shows the ambiguous nature of plaintiff's allegations in his complaint, with

plaintiff stating that the crash was both an accident and was intentional. In plaintiff's complaint

at paragraph 17 of IV. Facts, plaintiff states, "[i]mmediately as I turned my truck run [sic] out of

gas literaly [sic], and I applied the brakes hard to rapidly stop, when a patrol car intentionally, and

recklessly struck my truck, by turning into me, ramming my truck, placing my life in immenint

[sic] danger, while I was stopped."

Whether the impact was accidental or an attempt to prevent plaintiff from continuing his

evasion of pursuing police, the analysis in the Report and Recommendation shows it did not

constitute excessive force.

Plaintiff argues defendant MASSENGIL "discharged his weapon before the struggle with

intent to kill plaintiff" and "there is a difference in a [sic] accidental discharge and deliberately

shooting at plaintiff.  Again, plaintiff does not show how error, if any, in recounting his version of this incident, affects the analysis of his claim(s).

Plaintiff says he believes his right hand was injured from a "wrist-lock applying an excessive amount of pressure to break bones and a steal [sic] plate by all the defendants in concert."  The Court notes plaintiff did not allege any injury to his right hand in his complaint, only pain in his left wrist when taken down and injury to his left pinky finger and his right knee.  Nevertheless, in the Report and Recommendation, plaintiff's claims were analyzed as if this new allegation of a broken metacarpal bone and of broken hardware in plaintiff's right hand had been included in his complaint, and plaintiff's present reiteration of this allegation does not change the analysis of his claims.

Plaintiff argues he was choked first by defendant ROGERS and then immediately after, by another defendant.  The Report and Recommendation recognizes plaintiff's allegation that he was placed in chokehold by ROGERS and then LAMBERT.  Plaintiff has not pointed out any error in this respect.

Plaintiff argues dismissal should have been without prejudice.  Plaintiff does not present any meritorious reason to support this Objection.

Plaintiff argues repeatedly that defendants LAMBERT's and ROGERS' actions were malicious and intentional, but does not allege any facts to support his claim of malice.  Further, this allegation does not alter the determination that the force utilized was objectively reasonable and that defendants are entitled to qualified immunity.

Plaintiff's remaining objections, which are set forth in his Objection to the Report and Recommendation to grant in part and deny in part defendant ROGERS' motion to dismiss, are not relevant to any of the claims which were recommended for dismissal.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the objections filed by the plaintiff.

The Court is of the opinion that plaintiff's objections should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that Defendant MARIE FARBRO's Rule 12(b)(6) Motion to Dismiss (D.E. no. 5) is GRANTED and all of plaintiff's remaining claims against defendant FARBRO are DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED; the Rule 12(b)(6) Motions to Dismiss by Defendants LAMBERT and MASSENGIL (D.E. nos. 8 and 9) are GRANTED and all of plaintiff's remaining claims against defendants LAMBERT and MASSENGIL are DISMISSED PURSUANT TO RULE 12(b)(6) FOR FAILURE TO OVERCOME DEFENDANTS' ENTITLEMENT TO QUALIFIED IMMUNITY, FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED, AND WITH PREJUDICE AS FRIVOLOUS; and Defendant DRENNAN ROGERS' Rule 12(b)(6) Motion to Dismiss (D.E. no. 7) is DENIED, IN PART, AND GRANTED, IN PART, and that, WITH THE SOLE EXCEPTION OF PLAINTIFF'S CLAIM OF EXCESSIVE FORCE

STEMMING FROM THE USE OF A TASER ON PLAINTIFF WHEN DEFENDANT ROGERS

INITIALLY CAME IN CONTACT WITH PLAINTIFF ON LINDA TIPPS' PROPERTY, ALL

OF PLAINTIFF'S REMAINING CLAIMS AGAINST DEFENDANT DRENNAN ROGERS

ARE DISMISSED PURSUANT TO RULE 12(b)(6) FOR FAILURE TO OVERCOME

DEFENDANT'S ENTITLEMENT TO QUALIFIED IMMUNITY, FOR FAILURE TO STATE A

CLAIM ON WHICH RELIEF CAN BE GRANTED, WITH PREJUDICE AS FRIVOLOUS,

AND THOSE CLAIMS BARRED BY *HECK* ARE DISMISSED AS FRIVOLOUS WITH

PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ day of September, 2014.


MARY LOU ROBINSON
United States District Judge

7