IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JIMMY F. McHENRY, PRO SE, § <br> TDCJ-CID No. 1811322, § <br> Previous TDCJ-CID No. 1060917, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> STINNETT POLICE DEPARTMENT ET AL., § <br> § <br> Defendants. § | 2:13-CV-0228-J |

**ORDER GRANTING DEFENDANT CODY HINDERS' OFFICIAL
CAPACITY MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) and
HINDERS' MOTION TO DISMISS STATE TORT CLAIMS
AND ORDER DISMISSING ALL CLAIMS AGAINST DEFENDANT HINDERS**

Plaintiff JIMMY F. McHENRY, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, originally filed this lawsuit in the 84th District Court for the State of Texas. The case was removed to the United States District Court for the Northern District of Texas, Amarillo Division, on November 18, 2013. On removal, the defendants paid the filing fee; and plaintiff is not proceeding in forma pauperis in this Court.

By Orders of Partial Dismissal issued July 28, 2014, and September 25, 2014, all of plaintiff's claims against defendants HUTCHINSON COUNTY SHERIFF'S OFFICE, HUTCHINSON COUNTY JAIL, the STINNETT POLICE DEPARTMENT, MARIE FARBRO, PATRICK LAMBERT, and JEREMIAH JAMES MASSENGIL were dismissed. Further, except

for plaintiff's excessive force claim arising out of plaintiff's initial encounter with defendant DRENNAN ROGERS on Linda Tipps' property, all of plaintiff's claims against defendant DRENNAN ROGERS were dismissed.

On July 29, 2014, the Magistrate Judge issued a Report and Recommendation [D.E. 68] to grant (1) Defendant Cody Hinders', in His Official Capacity, Motion to Dismiss Pursuant to Rule 12(b)(6), filed December 2, 2013 [D.E. 15] and (2) Defendant Cody Hinders' Motion to Dismiss State Tort Claims Pursuant to Rule 12(b)(1) and Sections 101.057(2) and 101.106 of the Texas Tort Claims Act [D.E. 14] filed November 27, 2013.

Plaintiff filed his Objections on August 14, 2014 (D.E. 76), to which defendant responded on August 20, 2014 (D.E. 79).

By his Objections, plaintiff argues a July 21, 2014 Radiology Report by Dr. John Anderson attached to his Objections, which notes a "[s]uspected removal of hardware from the fourth metacarpal," proved plaintiff had suffered an injury during the take-down in the use of force giving rise to the claims asserted herein. The Court notes that, in his Complaint, plaintiff did not allege any injury to his right hand arising out of his 2011 arrest, only pain in his left wrist stemming at least in part from earlier injuries, and injury to his left pinky finger and right knee. Nevertheless, crediting plaintiff's allegation that his broken metacarpal bone and hardware in his right hand were the result of the force utilized against him during his 2011 arrest, plaintiff has not alleged facts which state a Fourth Amendment Excessive Force claim.

Excessive force claims are analyzed under the reasonableness standard of the Fourth Amendment. *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012)(citing *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). In the Fifth Circuit, a plaintiff

asserting an excessive force claim must show: (1) a physical injury; (2) which resulted directly and only from the use of force that was clearly excessive to the need; and (3) the excessiveness of which was objectively unreasonable. *Id.*; *Ikerd v. Blair*, 101 F.3d 430, 544-34 (5th Cir. 1996). The plaintiff is not required to show a significant injury for Fourth Amendment excessive force analysis, but it is necessary that the plaintiff suffered some injury that is more than *de minimis*. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999). Claims of excessive force involve a fact intensive inquiry. *Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012). Courts do not judge the reasonableness of the officers' use of force from the safety of their chambers "with the 20/20 vision of hindsight," but "from the perspective of a reasonable officer on the scene . . . ." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The Court must consider "whether the officers' actions [we]re 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* Among relevant factors to consider are "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he [was] actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

    Plaintiff has alleged that, after leading officers in several police vehicles on a chase through the City of Stinnett and only stopping when his truck ran out of gas and was hit by one of the police vehicles, plaintiff jumped out of his truck and ran off in a further attempt to elude capture by the police, not even stopping when he was subjected to a taser.

    An officer in defendant HINDERS' position would have known plaintiff had been pursued through the City of Stinnett by law enforcement officers in several police vehicles. HINDERS would have known plaintiff did not stop until he ran out of gas at the Allsup's

convenience store and was hit by another officer's vehicle, and HINDERS would have known plaintiff then jumped from his truck and ran off in a further attempt to elude capture by law enforcement. Defendant HINDERS also would have observed defendant ROGERS' unsuccessful attempt(s) to subdue plaintiff by the use of lesser force, *i.e.*, the taser, without success, which facts have been alleged by plaintiff.

Under these circumstances, defendant HINDERS' actions in assisting the other officers in subduing plaintiff once he had been taken to the ground and in handcuffing plaintiff were not clearly excessive to the need or objectively unreasonable in light of the facts and circumstances confronting defendant and the other officers. Further, plaintiff partly attributes the pain in his left wrist to "past injuries." Whatever those past injuries may have been, any left wrist injury plaintiff complains of clearly did not arise directly and only from the challenged use of force. *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012)(citing *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Ikerd v. Blair*, 101 F.3d 430, 544-34 (5th Cir. 1996).

As required at this stage of the proceedings, the Court credits plaintiff's allegation that the break of his fifth metacarpal bone and the hardware in his fourth metacarpal in his right hand, which were not discovered until June of 2014, occurred as a result of this October 2011 use of force. While this injury appears to be more than *de minimis*, plaintiff has not shown the force which was utilized and which, at this stage, is assumed to have caused such injury, was excessive to the need. Plaintiff's own account of the incident shows plaintiff was "actively resisting arrest [and] attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Plaintiff's continued efforts to resist officers justified the use of further force to subdue him. The use of a lesser

amount of force by means of one or more taser discharges had been completely unsuccessful. Under these circumstances, the actions of defendant HINDERS, in assisting the other officers in subduing plaintiff after his take-down and in handcuffing him were not excessive or clearly unreasonable. Moreover, plaintiff alleges no fact that shows defendant HINDERS could have known the handcuffs were too tight or that he was aware the handcuffs were too tight. Plaintiff claims he was unconscious when the handcuffs were applied and states he was unable to speak during the brief time he was conscious in the Emergency Room before he was sedated by medical personnel, examined, and released to be taken to jail. Given plaintiff's account of his own energetic and sustained attempts to resist capture and/or being subdued by police, the application of handcuffs was not clearly unreasonable or excessive to the need and plaintiff's allegations demonstrate he can allege no facts to show defendant HINDERS had any knowledge that the handcuffs were too tight. Given the facts contained in plaintiff's pleadings, it is clear plaintiff has failed to state a claim on which relief can be granted with respect to excessive force claims against defendant HINDERS in his individual capacity.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation at Docket Entry no. 68, as well as plaintiff's objections and defendant's response.

The Court is of the opinion that plaintiff's objections should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge [D.E. 68] should be ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge [D.E. 68], as supplemented herein.

IT IS THEREFORE ORDERED that the Motion to Dismiss State Tort Claims [D.E. 14] and the Motion to Dismiss for Failure to State a Claim [D.E. 15] are GRANTED and all of plaintiff's claims against defendant HINDERS, including any claims against HINDERS in his individual capacity analyzed herein, are dismissed as follows:

1. Plaintiff's federal civil rights claims against defendant CODY HINDERS in his individual capacity, analyzed herein, are DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED;

2. Plaintiff's federal civil rights claims against defendant CODY HINDERS in his official capacity are DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED;

3. Plaintiff's state law claims against defendant CODY HINDERS in his individual capacity are DISMISSED PURSUANT TO RULE 12(b)(1), FEDERAL RULES OF CIVIL PROCEDURE, FOR WANT OF JURISDICTION;

4. Plaintiff's state law claims against defendant CODY HINDERS in his official capacity are DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED, FED.R.CIV.PRO. 12(b)(6);

5. Plaintiff's claims for declaratory relief are DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH DECLARATORY RELIEF CAN BE GRANTED;

6. Plaintiff's claims for injunctive relief, for attorney's fees, and for punitive damages against defendant CODY HINDERS in his official capacity are DISMISSED AS FRIVOLOUS.

This Order terminates docket entry nos. 14 and 15.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ 29th day of September 2014.

MARY LOU ROBINSON
United States District Judge